1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHILLIP PELLERIN, | Case No.: 10-CV-01922-LHK |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND |
| v. | |
| HURON CONSULTING GROUP, INC., and DOES 1-50, inclusive, | (re: docket #13) |
| Defendants. | |

Plaintiff Phillip Pellerin, a former employee of Defendant Huron Consulting Services LLC (erroneously sued as "Huron Consulting Group, Inc."), alleges that he was improperly fired due to his medical condition. Plaintiff's Complaint raises three claims: 1) Medical Condition Discrimination under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and under the California Fair Employment and Housing Act ("California FEHA"), Cal. Gov. Code § 12940 *et seq.*; 2) Failure to Provide Reasonable Accommodation under the ADA and under Title VII of the U.S. Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*; and 3) Retaliation under the Family and Medical Leave Act, 5 U.S.C. § 6381 *et seq.*; 29 U.S.C. § 2601 *et seq.* Defendant has moved to dismiss the first two claims on the basis of failure to timely

1

exhaust administrative remedies.  Pursuant to Civil Local Rule 7-1(b), the Court finds this motion appropriate for determination without oral argument.  For the reasons discussed below, Defendant's motion is GRANTED WITH LEAVE TO AMEND.

## I. BACKGROUND

For purposes of ruling Defendant's motion to dismiss, the Court accepts as true Plaintiff's well-pled allegations in the Complaint.  *Marceau v. Blackfeet Housing Authority*, 540 F.3d 916, 930 (9th Cir. 2008).  Plaintiff worked for Huron for approximately one and half years, last serving as a Manager of the Non-Labor Clinical Services Team.  Compl. ¶ 5.  On September 22, 2008, Plaintiff went on approved medical leave of absence.  *Id.* at ¶ 6.  On February 24, 2009, Plaintiff notified Defendant of Plaintiff's medical release to return to work.  *Id.*  Plaintiff's employment was terminated on February 26, 2009, allegedly due to Plaintiff's medical condition and in retaliation for taking a protected leave of absence.  *Id.*  Plaintiff alleges that Defendant fabricated a negative performance review during his medical leave, which was then used as the basis for Plaintiff's ultimate termination.  *Id.* at ¶ 7.  Although multiple positions were available, Defendant denied Plaintiff a transfer to an open position for which Plaintiff was highly qualified.  *Id.* at ¶ 6.

Plaintiff filed his Complaint on May 4, 2010.  Although not attached to the Complaint, Plaintiff alleges that he "timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission alleging medical condition discrimination and has been issued his notice of right to bring private suit within ninety days of the date of the filing of this action, thereby exhausting his administrative remedies."  Compl. ¶ 12.  On August 5, 2010 Defendant moved to dismiss the first two claims in Plaintiff's Complaint, and filed a request seeking judicial notice of Plaintiff's Charge of Discrimination filed on January 5, 2010 with the Illinois District Office of the EEOC.  Plaintiff filed an opposition to Defendant's motion to dismiss, and attached as exhibits:1) the same January 5, 2010 EEOC Charge of Discrimination for which Defendant seeks judicial

United States District Court

For the Northern District of California

2

notice; and 2) a letter from Selena Wong, Regional Administrator for the California Department of Fair Employment & Housing ("DFEH"), stating that DFEH's records reflect that Plaintiff attempted to file a complaint with DFEH on January 12, 2010, but that the DFEH did not accept his charge for investigation based on an "administrative decision."  Defendant filed a reply and an evidentiary objection to the September 7, 2010 letter from DFEH on the ground that it lacks foundation, that it is inadmissible hearsay, and that it is not authenticated by DFEH.[1]

## II. LEGAL STANDARDS

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  To withstand a motion to dismiss, a plaintiff must "plead enough facts to state a claim that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). All allegations of material fact shall be taken as true and interpreted in a manner most favorable to the non-moving party.  *Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008).  Leave to amend should be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).  If amendment would be futile, a dismissal may be ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

On a motion to dismiss, the Court's review is limited to the face of the Complaint and matters judicially noticeable.  *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  However, under the "incorporation by reference" doctrine, the Court may also consider documents that are referenced extensively in the Complaint or that form the basis of Plaintiff's claim and whose authenticity no party questions, without converting a motion to dismiss under

---

[1] On September 22, 2010, six days before the scheduled hearing on the motion to dismiss, Plaintiff filed a supplemental memorandum in opposition to Defendant's motion to dismiss.  Civil Local Rule 7-3(d) requires Court approval for the filing of any supplemental memoranda after the reply is filed.  Plaintiff did not seek the Court's approval before filing its supplemental memorandum. Therefore, the Court will not consider Plaintiff's untimely and unapproved filing in this Order.  As the Court is granting Plaintiff leave to amend, the new allegations in Plaintiff's supplemental memorandum may be included in an amended complaint, if any.

Case No.: 10-CV-01922-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
For the Northern District of California

Rule 12(b)(6) into a motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003).

### III. DISCUSSION

Defendant argues for dismissal of Plaintiff's first claim under the ADA and FEHA, and for dismissal of Plaintiff's second claim under the ADA and Title VII on the ground that Plaintiff did not timely exhaust his administrative remedies as required by the ADA, Title VII, and FEHA. Because the time to exhaust has passed, Defendant seeks dismissal with prejudice.  The Court will first review Plaintiff's federal claims under the ADA and Title VII, and then review Plaintiff's state claim under FEHA.

#### A.  Incorporation by Reference of EEOC Charge of January 5, 2010

As a preliminary matter, the Court will incorporate by reference the January 5, 2010 Charge of Discrimination filed with the Illinois District Office of the EEOC.  Plaintiff expressly refers to this document in his Complaint in order to allege timely exhaustion, and did not oppose Defendant's request for judicial notice.  Moreover, Plaintiff actually includes the January 5, 2010 Charge as an exhibit in his opposition to Defendant's motion to dismiss.  *See Ritchie*, 342 F.3d at 909 (even if not attached to the Complaint, certain documents may be incorporated by reference).

#### B.  Federal Claims (ADA and Title VII)

Timely exhaustion of administrative remedies is a statutory requirement to filing suit under both the ADA and Title VII.  *See Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001). Timely exhaustion occurs when the plaintiff files a charge with the EEOC within 180 days from the date upon which the alleged unlawful practice occurred.  *See* 42 U.S.C. § 2000e-5(e).  If, however, a plaintiff has initially instituted proceedings with a state or local agency with authority to grant relief from the allegedly unlawful practice, a plaintiff has 300 days after the allegedly unlawful employment practice, or 30 days after receiving notice that the state or local agency has

Case No.: 10-CV-01922-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
For the Northern District of California

terminated proceedings under state or local law, whichever is earlier, to file a charge with the EEOC. *Id.* Failure to timely exhaust is not a jurisdictional bar, but it is treated as a violation of a statute of limitations with whatever defenses are available such as equitable tolling and estoppel. *Santa Maria v. Pacific Bell*, 202 F.3d 1170 (9th Cir. 2000).

In this case, Plaintiff's January 5, 2010 Charge was untimely regardless of whether the Court finds the 180-day or 300-day rule appropriate. Plaintiff was terminated on February 26, 2009, triggering the requirement to timely exhaust. The January 5, 2010 Charge is 313 days after Plaintiff's termination, the last alleged date of discriminatory conduct. Plaintiff's Complaint alleges no facts suggesting that equitable tolling or estoppel is appropriate. Nor does Plaintiff's three-page opposition to Defendant's motion to dismiss, which focuses solely on the one-year period to exhaust in the California FEHA, give any reason to support equitable tolling or estoppel. Thus, the Court GRANTS Defendant's motion to dismiss with respect to the federal causes of action in claims one and two for failure to timely exhaust. It is not clear, however, that amendment of Plaintiff's Complaint is futile, and thus the Court will allow Plaintiff leave to amend to allege sufficient facts, if any, as to why his ADA and Title VII claims should not be dismissed with prejudice for failure to timely exhaust.

### C. State Claim (California FEHA)

The California FEHA also includes an exhaustion requirement, requiring a plaintiff to file a charge of discrimination with the DFEH within *one year* from the date upon which the alleged unlawful practice occurred. Cal. Gov. Code § 12960. "Equity may excuse noncompliance with exhaustion requirements under the FEHA, when the plaintiff's failure to comply can be attributed to the administrative agency (generally the DFEH) charged with processing his complaint." *Denney v. Universal City Studios, Inc.*, 10 Cal. App. 4th 1226, 1232-34 (Cal. App. 2d Dist. 1992); *see also Rodriguez v. Airborne Express*, 265 F.3d 890, 900 (9th Cir. 2001). "The equities favor a

United States District Court
For the Northern District of California

discrimination plaintiff who (1) diligently pursued his claim; (2) was misinformed or misled by the administrative agency responsible for processing his charge; (3) relied in fact on the misinformation or misrepresentations of that agency, causing him to fail to exhaust his administrative remedies; and (4) was acting pro se at the time." *Rodriguez*, 265 F.3d at 901-902 (citing *Denney*, 10 Cal. App. 4th at 1234).

Plaintiff's Complaint only alleges that he filed a charge of discrimination with the Illinois District Office of the EEOC (the January 5, 2010 Charge), and is silent as to any filing any charge with DFEH.  In Plaintiff's opposition to Defendant's motion to dismiss, however, Plaintiff, for the first time, argues that he did "attempt to file a Complaint of Discrimination" with the DFEH on January 12, 2010 -- a date that is within the one year exhaustion period of the California FEHA. As an exhibit to his opposition, Plaintiff attached a letter allegedly from the Regional Administrator for DFEH, stating that DFEH's records reflect that Plaintiff attempted to file a complaint with DFEH on January 12, 2010, but that the DFEH did not accept his charge for investigation based on an "administrative decision."  Plaintiff, without citation to authority, alleges that this "attempt" constitutes exhaustion of the FEHA claim.

The date of this letter is September 7, 2010, the last day for Plaintiff to file his opposition to Defendant's motion to dismiss.  Defendant objects to the letter on various evidentiary grounds.  It is not necessary to rule upon those evidentiary objections at this stage of the case because, even assuming the letter is admissible, Plaintiff has not shown that his "attempt" to file a charge constitutes exhaustion, or that equity excuses his noncompliance.  Plaintiff's alleged "attempt" to file a charge is never mentioned in his Complaint dated May 4, 2010 (i.e., nearly four months after the alleged "attempt" on January 12, 2010), which merely notes that Plaintiff "timely filed a Charge of Discrimination" with the EEOC.  Compl. ¶ 12.

As to the argument that equity may excuse noncompliance with FEHA's exhaustion

6

requirements, Plaintiff's Complaint is of course silent and Plaintiff's opposition to Defendant's motion to dismiss does not allege sufficient facts showing that Plaintiff: 1) diligently pursued his claim; 2) was misinformed or misled by DFEH; 3) relied to his detriment on the misinformation or misrepresentations; and 4) was acting pro se at the time. *See Rodriguez*, 265 F.3d at 901-902. Plaintiff, apparently, sent e-mails and made telephone calls to DFEH sometime after the January 12, 2010 attempt to file. *See* Pellerin Decl. [dkt. #17-1]. It appears from the record, however, that Plaintiff's investigative efforts increased only *after* Defendant filed its motion to dismiss on August 5, 2010. *See, e.g.*, Pellerin Decl. at 2 (where Plaintiff alleges that he only learned DFEH failed to process his complaint after filing of this suit). Plaintiff's opposition includes no allegations of misinformation or misrepresentation. Finally, Defendants contend that Plaintiff was actually represented by counsel at the time of his attempt to file a charge with DFEH, the same counsel representing Plaintiff in this matter. *See* Def.'s Reply at 5 [dkt. #19].

The Court, therefore, GRANTS Defendant's motion to dismiss with respect to the California FEHA cause of action in Plaintiff's first claim. The Court allows Plaintiff leave to amend to allege sufficient facts as to why equity excuses his failure to exhaust.

### IV. CONCLUSION

Accordingly, the Court GRANTS Defendant's motion to dismiss with leave to amend as specified above. Plaintiff shall file an amended complaint, if any, within thirty (30) days of this Order. The motion hearing currently scheduled for September 28, 2010 is vacated. The Case Management Conference scheduled for September 28, 2010 remains on calendar.

**IT IS SO ORDERED.**

Dated: September 22, 2010

LUCY H. KOH
United States District Judge

Case No.: 10-CV-01922-LHK
ORDER GRANTING MOTION TO DISMISS